```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
                     BEAUMONT DIVISION
```

RICHARD DE LOS SANTOS          §

VS.                            §    CIVIL ACTION NO. 1:13cv136

RICK THALER                    §

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Richard De Los Santos, an inmate confined in the Boyd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Rick Thaler.  Plaintiff complains of the medical care he received while at the Ferguson Unit and the Boyd Unit.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision.  Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at Boyd Unit, which is located in Freestone County, and the Ferguson Unit,

which is located in Madison County. Pursuant to 28 U.S.C. § 124, Freestone County is located in the Waco Division of the Western District of Texas, while Madison County is located in the Houston Division of the Southern District of Texas.

As neither Freestone County nor Madison County is located in the Eastern District of Texas, and as the defendant does not reside in the Eastern District, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case should be transferred to the Waco Division of the United States District Court for the Western District of Texas, where plaintiff is now located. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this  30  day of       July      , 2013.


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE